IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GABRIEL SIFRE-ORTEGA,<br><br>**Plaintiff**,<br><br>v.<br><br>PUERTO RICO LEGAL MARIJUANA, INC., PUERTO RICO LEGAL MARIJUANA EDUCATIONAL, INC., GOODWIN ALDARONDO-JIMÉNEZ, CYNTHIA RAMOS, *et al.*,<br><br>**Defendants**. | **Civil No.** 25-1092 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Plaintiff Gabriel Sifre Ortega ("Sifre") requests that the Court remand this action to the Puerto Rico Court of First Instance, San Juan Superior Division. (Docket No. 10.) For the reasons set forth below, the Court **GRANTS** Sifre's motion to remand.

**I. Background**

On February 13, 2025, Goodwin Aldarondo Jiménez ("Aldarondo"), Cynthia Ramos ("Ramos"), their Conjugal Partnership, Puerto Rico Legal Marijuana, Inc. ("PRLM"), and Puerto Rico Legal Marijuana Educational, Inc. ("PRLME") (collectively, "defendants") submitted a notice of removal, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Docket No. 1.) The notice of removal states

that the "[t]he 'right to publicity' or 'self-image' that Plaintiff claims under state law 139 of 2011 does not apply to copyright works that belong to the employer." Id. at p. 4. Defendants allege that "Plaintiff's claim requires the resolution of a substantial question of federal law, that is, whether a claim under state law 139 of 2011, 'right to self-image,' is pre-empted by section 301 of the Copyright [Act][1]." Sifre moves for remand to the Court of First Instance. (Docket No. 10.)

**II. Applicable Law**

Removal of an action to federal court is governed by 28 U.S.C. § 1441 ("section 1441"). Section 1441 provides that defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); see also Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action."). Original jurisdiction

---

[1] Copyright Act of 1976, 17 U.S.C. §§ 101 – 1332 (2010).

in the district court exists where a federal question claim "arising under the Constitution, laws, or treaties of the United States" is raised in the plaintiff's complaint pursuant to 28 U.S.C. § 1331, or where there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

Defendants shoulder the burden of demonstrating that removal is appropriate. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008). Section 1441 is "strictly construed" against removal, and any doubt regarding the propriety of removal should be resolved in favor of remand. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Rosselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (remanding action because "[r]ead as a whole, we cannot say that this complaint presents a claim under the Federal Constitution. No explicit reference to the United States Constitution or any other federal law is contained in the complaint; instead, all references are to Puerto Rico state laws, regulations, and the Commonwealth Constitution"). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded." 28 U.S.C. § 1447(c).

Civil No. 25-1092 (FAB)                                                   4

Because "[f]ederal courts are courts of limited jurisdiction," the Court must "begin by ensuring that [it has] jurisdiction to reach the questions presented."  Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016); see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.").  In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997) ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry - the 'well-pleaded complaint rule' - which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint.").  Sifre is the "master" of his complaint and may "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

**III. Discussion**

Remand and dismissal are warranted because the Court lacks jurisdiction. Sifre sets forth one cause of action, that the continued use of his image and identity in the two recorded courses is a violation of his right to publicity under Puerto Rico Law No. 139 of 2011. (Docket No. 5 at pp. 4-5.) Sifre alleges he did not give defendants his consent to use these recordings with his likeness and identity after his employment with them terminated. Id. at p. 3. He also states that he is not claiming authorship or ownership of the videos. Id. at p. 8. In essence, Sifre argues that he possesses a right to publicity in his own likeness and identity, which prevents the use of his likeness and identity without his express authorization. Id. at pp. 7-8. Defendants respond that, under the Copyright Act, they have all the ownership interests in the recorded courses and as such, they can reproduce these courses as they see fit. Defendants state that "they do not claim any right over 'Plaintiff's human identity', it [sic] only claims a property right over the educational videos where Plaintiff appears as the instructor." (Docket No. 15 at p. 22.)

"[D]istrict courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks." 28 U.S.C. § 1338(a). Not every case, however, "arises under" federal

Civil No. 25-1092 (FAB)                                                    6

copyright laws merely because the case relates to a product that is subject of a copyright. Pérez-Pizarro v. Synectrust, LLC, Civil No. 18-1147, 2019 WL 1220802, at *3 (Mar. 12, 2019) (Cerezo, J.).

Section 301 of the Copyright Act[2] includes two elements that must be met for preemption to apply.  First, the content of the protected right must fall within the subject matter of copyright as described in sections 102 and 103.  17 U.S.C. § 301.  Second, the right asserted under state law must be "equivalent" to the exclusive rights contained in section 106 of the Copyright Act. Id.  "[T]he Court must conduct a 'holistic evaluation of the nature of the rights sought to be enforced and then make a determination whether the state law action is *qualitatively* different from a copyright infringement claim." De la Cruz-Hernández v. Rimas Ent., LLC, Civil No. 23-1162, 2024 WL 5416161, *3 (D.P.R. Mar. 31, 2024) (García-Gregory, J.) (citing Meléndez v. Sirius XM Radio, Inc.,

---

[2] Section 301 preempts:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

Civil No. 25-1092 (FAB)                                                    7

50 F.4th 294, 307 (2d Cir. 2022).  "[B]ecause removal jurisdiction raises serious federalism concerns, we construe removal statutes strictly and against removal."  Rhode Island v. Shell Oil Prods. Co., L.L.C., 35 F.4th 44, 52 (1st Cir. 2022).  When federal jurisdiction is doubtful, a federal court must remand to state court."  Id.

Section 102 states that "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship include . . . audiovisual works."  The recorded courses themselves, as audiovisual works, are subject matter protected by the Copyright Act.  But it is not the publication of the recorded courses themselves that is the basis of Sifre's claim; it is the use of his likeness and identity in the promotion of the recorded courses.  That is, the subject matter of his amended complaint is the unauthorized use of his identity or persona, and "a person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102".  Downing v. Abercrombie & Fitch, 265 F.3d 994, 1004 (9th Cir. 2001); see also id. at 1003-04.  The fact that Sifre's likeness and identity might be fixed in a copyrightable

audiovisual work does not change this fact.  Therefore, the first prong of the test under section 301 is not met.

For completeness, the Court now turns to the second prong of the test:  whether the right to be enforced is "equivalent" to any of the rights listed in section 106 of the Copyright Act, i.e., reproduction, adaptation, publication, performance and display. 17 U.S.C. § 106.  Law No. 139 gives the individual a right over the commercial use of his identity.  See Exposition of Motives, Law No. 139 of July 13, 2011; P.R. Laws Ann. tit.32, ch. 256, Right of Publicity Act.  "Commercial use" is defined as "the use of a person's likeness in connection with an advertisement, offer, or sale of a product, merchandise, good or service in the market." P.R. Laws Ann. tit. 32, § 3252.  It appears, therefore, that the purpose of Puerto Rico's right to publicity claim is to allow a person to control the commercial value of his or her identity, which is not the "equivalent" to the rights listed under section 106 of the Copyright Act.  Whether Sifre's likeness was used for a commercial purpose without his consent is a state law matter.

It is true that the recorded courses are subject to a copyright, and that defendants own this copyright, but those facts do not preempt a right of publicity claim.  Whether defendants violated Sifre's right of publicity by using his likeness and identity without his consent for a commercial purpose is for state

Civil No. 25-1092 (FAB)                                                9

law to determine.  See Toney v. L'Oreal Usa, Inc., 406 F.3d 905, 910 (7th Cir. 2005).  Therefore, the lack of a federal claim on the face of the complaint is fatal to defendants' attempt to remove this case to federal court.

The Court also notes that while the Copyright Act could be raised in defense of Sifre's Puerto Rico law claims, that would be insufficient to confer jurisdiction on this Court.  It is well known that in actions premised exclusively on state law, litigants cannot invoke federal jurisdiction by asserting defenses pursuant to federal law.  Rosselló-González, 398 F.3d at 10 ("The existence of a federal defense is not sufficient for removal jurisdiction.") (citing Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts . . . a federal defense the defendant may raise is not sufficient to defeat the claim.")); Ten Taxpayer Grp. v. Cape Wind Assoc., 373 F.3d 183, 191 (1st Cir. 2004) ("It is hornbook law that a federal defense does not confer

Civil No. 25-1092 (FAB)                                                  10

'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint.").[3]

Because defendants failed to establish the existence of federal jurisdiction, the Court **GRANTS** Sifre's motion for remand.[4]

**IV. Conclusion**

For the reasons set forth above, Sifre's motion for remand is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of federal jurisdiction, and is **REMANDED** to the Puerto Rico Court of First Instance, San Juan Superior Division, civil case number SJ2024CV02091. Judgment shall be entered accordingly.

This case is now closed for statistical purposes.

---

[3] A narrow exception to this rule is complete preemption. The Supreme Court, however, has only found complete preemption in three statutes, (1) The National Bank Act, 12 U.S.C. §§ 81-95, (2) The Employee Retirement Income Security Act, 29 U.S.C. § 1201, and (3) The Labor Management Relations Act, 29 U.S.C. § 185. See Rhode Island v. Shell Oil Prods. Co., L.L.C., 35 F.4th 44, 52 n.5 (1st Cir. 2022) (citations omitted). None of these statutes are applicable in this case.

[4] Sifre argued that defendants' notice of removal was procedurally defective because it was filed eleven months after the complaint was filed, and that defendants failed to include all documents presented in the state court case. (Docket No. 10 at p. 5.) Pursuant to 28 U.S.C. § 1446:

> The notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the original pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has the been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The Court need not address whether defendants filed a timely notice of removal or whether there are any procedural defects, because this case is remanded on jurisdictional grounds.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 5, 2025.

                                                <u>s/ Francisco A. Besosa</u>
                                                FRANCISCO A. BESOSA
                                                SENIOR UNITED STATES DISTRICT JUDGE